JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **15-CV-07906 RGK (PJW)** | Date | June 28, 2016 |
|---|---|---|---|
| Title | ***Spanish Hills Surgery Ctr., LLC, v. Cigna Corp., et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order to Remand**

## I.      INTRODUCTION

On April 22, 2015, Spanish Hills Surgery Center, LLC ("Plaintiff") filed an action in Ventura County Superior Court against Cigna Corporation ("Defendant") alleging: (1) Breach of Contract; (2) Services Rendered/Labor Performed; (3) Unjust Enrichment; (4) Accounting; (5) Violation of California Business and Professions Code § 17200; and (6) Promissory Estoppel.

On October 7, 2015, Defendant removed the action to federal court on the basis of federal question jurisdiction, claiming that Plaintiff's state law claims arose from a claim for benefits under the Employee Retirement Income Security Act ("ERISA").

For the following reasons the Court *sua sponte* **REMANDS** the action to state court.

## II.      STATEMENT OF FACTS

The following facts are alleged in the Complaint:

Plaintiff, an ambulatory surgical center, had a contract with Defendant insurance company based on assignment of benefits agreements obliging Defendant to pay health insurance benefits for its insureds ("Patients") directly to Plaintiff. (Ntc. of Removal Ex. A. Compl. ¶ 8, ECF 1.) Those agreements were standard medical forms used by health care providers and insurance companies alike, and were executed by Patients prior to receiving any medical services from Plaintiff. (*Id*.) Based on

these written agreements, Defendant was obligated to send all health insurance payments directly to Plaintiff. (*Id*.)

Plaintiff also alleges that it had an oral contract with Defendant to pay health insurance benefits for each of the Patients directly to Plaintiff. (*Id*. ¶ 9.) Prior to rendering any medical services, Plaintiff's employees obtained medical identification cards from the Patients, and telephoned Defendant's claim representatives. (*Id*.) These representatives verified the Patients' insurance coverage, and promised to pay Plaintiff directly for the procedures and services rendered to the Patients. (*Id*.)

The amount of the procedures and services totaled $136,529.60, (*Id*. ¶ 13), and Defendant owed Plaintiff an adjusted total of $76,507.56. Defendant made only partial payments worth $20,321.50, leaving an unpaid balance of $56,186.06. (*Id*.)

## III.     JUDICIAL STANDARD

### A.     28 U.S.C. § 1441

Removal jurisdiction is governed by 28 U.S.C. § 1441, et. seq., and the statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance, *Id.*, and the party seeking removal bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). In general, under the "well-pleaded complaint" rule, the Court looks to the complaint to determine whether an action falls within the bounds of federal question jurisdiction. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009)**.**

## IV.     DISCUSSION

Complete preemption doctrine "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Id*. at 945 (quoting *Franciscan Skemp Healthcare, Inc., v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). A state law claim may be preempted if it "relates to" an ERISA benefit plan. *Id*. If a complaint alleges only state law claims that are entirely encompassed by ERISA, that complaint is converted from "an ordinary state common law complaint into one stating a federal claim." *Id*. (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987). According to *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004), a state law claim is completely preempted if "(1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions.

Upon review of the facts alleged in the Complaint, the Court finds removal of this matter improper.

In order to satisfy the first prong of the *Davila* analysis, Plaintiff must have been able to bring its state law claims under ERISA, which allows a civil action to be brought "by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In *Marin General Hospital*, a hospital's state-law claims against an insurance company for payment for services rendered were not preempted by ERISA because the hospital did not contend that payments were owed under ERISA. 581 F.3d at 947. Rather, the hospital claimed that this amount was owed due to breach of oral contract between it and the insurance company. *Id*. Similarly, in this case, Plaintiff is claiming payment from Defendant for services rendered to the Patients pursuant to the terms of written, oral, and implied contracts. Plaintiff's claims do not seek payment owed under the Patients' ERISA plan. Therefore, Plaintiffs could not have brought its state-law claims under ERISA.

Under the second prong of the *Davila* analysis, if there is "some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted by ERISA". *Id*. at 949. Here, Plaintiff asserts state law claims that do not rely upon ERISA. Unlike in *Davila*, in which beneficiaries of health care plans "complained only about denial of coverage promised under the terms of ERISA-regulated employee benefit plans," 542 U.S. at 211, Plaintiff in this case is claiming for payment owed as a result of contracts between it and Defendant.

**V.     CONCLUSION**

For the foregoing reasons, the Court *sua sponte* **REMANDS** the action to state court.

**IT IS SO ORDERED.**

**:**

**Initials of Preparer**